IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PAMELA DICKEY**                                                                                              **PLAINTIFF**

**vs.**                                                     **CIVIL ACTION NO. 4:13cv237-SAA**

**CAROLYN W. COLVIN, ACTING
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION**                                                    **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Pamela Dickey for a period of disability and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed her application on December 29, 2010, alleging disability beginning July 8, 2010. Docket 7, p. 99-104. Her claim was denied initially on May 17, 2011 and on reconsideration on June 8, 2011. *Id.* at 52-55, 59-60, 64. She filed a written request for hearing on June 9, 2011 (*Id.* at 62-63) and was represented by counsel at the hearing held over a year later on September 25, 2012. *Id.* at 27-49. The Administrative Law Judge (ALJ) issued an unfavorable decision on October 17, 2012 (*Id.* at 15-23), and the Appeals Council denied plaintiff's request for a review on October 10, 2013. *Id.* at 1-3. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

# I.  FACTS

Plaintiff was born on May 29, 1962.  She was forty-nine years old on the alleged onset date and fifty years old at the time of the hearing and the ALJ's decision.  Docket 7, p. 31.  She has a high school, plus one year of junior college, education.  *Id.* at 32.  She previously worked as a stock clerk and a nurse's aide.  *Id.* at 46.  In her application for SSI, plaintiff alleged disability due to "surgery on both feet." (*Id.* at 134).  The ALJ concluded that plaintiff had a severe impairment of "status post surgical correction of both feet," a non-severe impairment of chronic obstructive pulmonary disease, and could not return to her past relevant work.  However, he rejected her claims of disability, taking into consideration the testimony of a vocational expert [VE], and found that plaintiff can perform light jobs such as a parking lot cashier, dressing room attendant, and ticket seller.  Docket 7, p. 22.

Plaintiff claims that the ALJ erred by failing to properly develop the record, improperly concluding that plaintiff could perform light jobs resulting in an flawed application of the grids, and failing to clarify a discrepancy between the VE testimony and the DOT.  Docket 11.  The court finds that the ALJ should have further developed the record by obbtaining a medical opinion as to the plaintiff's vocationally-relevant functional limitations.  This case should be remanded for further development of the record.

# II.  STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1]  The burden rests upon plaintiff throughout the first four steps of

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520©, 416.920(c)(2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

## III. DISCUSSION

Plaintiff argues that no medical opinion in the record supports the ALJ's RFC, rendering erroneous the RFC and the ALJ's ultimate decision that plaintiff is not disabled. She contends the ALJ erred in step four of the evaluation process by relying on his own opinions to conclude that plaintiff could perform a full range of light work and can

> lift and carry twenty pounds occasionally and ten pounds frequently. She can stand and walk a total of four hours out of an eight-hour workday. She can sit four hours out of an eight-hour workday. She can occasionally climb, balance, stoop, crouch, kneel and crawl. She can occasionally work around heights and moving machinery.

Docket 7, p. 19. The Commissioner's response does not acknowledge that there is no opinion from any medical source to support the RFC. Docket 12. There were no opinions as to plaintiff's ability to perform work related functions provided by Dr. Williams and the ALJ wholly failed to address plaintiff's contention that the reason she did not receive treatment after April 2011 was because she did not have insurance after that period. Instead, the ALJ utilized this failure to obtain further treatment as evidence that plaintiff's allegations of debilitating impairment were untruthful. Docket 7, p. 21.

There is no medical opinion in the record which provides the limitations established by the ALJ in his RFC. The Commissioner argues that the ALJ's opinion that plaintiff could perform light work is supported by the record, and that "[w]hat plaintiff characterizes as substituting his opinion for a medical opinion is actually the ALJ properly interpreting the medical evidence to determine plaintiff's capacity to work." Docket 12, p. 9. In other words, even though the ALJ's opinion did not have a basis in any medical finding which supports his conclusions regarding plaintiff's physical capabilities, and even though the plaintiff raised this

5

important detail, the Commissioner continues to do the same thing in this court that the ALJ did – take on the role of a physician and try to reach a conclusion as to plaintiff's capabilities from the raw medical data.

The court rejects the Commissioner's argument as untenable. As a layman, an ALJ is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991). Where there clearly is no support for the ALJ's RFC, and the error is so fundamental, the Commissioner should voluntarily agree to remand for reconsideration rather than require that the court make that decision for her.

The record evidence contains very little concerning plaintiff's treatment for either of her physical impairments. Only after the ALJ issued the unfavorable opinion was a Medical Source Statement added to the record, and it was obtained by plaintiff from her treating physician, Dr. Craig Williams. Docket 7, p. 293-95. In his MMS, Dr. Williams opined that plaintiff can stand/walk for less than two hours and sit for at least six hours in an eight-hour day. *Id.* at 294. He further stated that plaintiff must elevate her legs with prolonged sitting and can only frequently lift ten pounds or less and rarely lift twenty pounds. *Id.*

The Appeals Council declined to consider this new evidence which the court finds would have changed the ALJ's opinion that plaintiff could perform light work duties. At the time of the ALJ's decision, there was no medical opinion concerning plaintiff's vocational abilities from any physician, and the only opinion we now have conflicts with the ALJ's findings. The ALJ reached his conclusion as to plaintiff's vocationally relevant functional limitations on his own after hearing plaintiff's testimony and reviewing the raw medical data. To be clear, the court is not at all convinced that the plaintiff is in fact disabled, but that does not diminish the fact that

the ALJ's RFC is not properly supported by the record.

The responsibility to determine the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), and in making this determination he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has considerable discretion in reviewing facts and evidence but, as a layman, he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). The ALJ may not establish physical limitations or lack of those limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

The court has examined the record and, despite the ALJ's inclusion of these findings in his RFC, cannot locate evidence that any treating or examining physician ever stated plaintiff was capable of lifting twenty pounds either occasionally or frequently or that she can stand and walk for a total of four hours out of an eight-hour day.

More importantly, because there was no such medical opinion in the record, the ALJ did not accord any medical opinion any weight – the ALJ thus could not have found any medical

7

opinion satisfactory. As indicated by plaintiff and the Fifth Circuit, "an ALJ may not rely on [his] own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). This appears to be exactly what the ALJ did in this case. In direct contradiction to the applicable case law, the ALJ established physical limitations without any medical proof to support those limitations, then, using those unsupported limitations, reached an RFC based upon his own extrapolation of the medical records as to plaintiff's ability to work. This process produced an improper RFC and ultimately an improper evaluation of plaintiff's ability to perform various jobs by the VE, not to mention further delay and expense to all involved in this action.[11] The undersigned finds that the ALJ did not satisfy his affirmative duty to "ensure that [his] decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The ALJ's decision was not supported by substantial evidence and should be remanded for a proper analysis of the plaintiff's vocationally-relevant functional limitations.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for further development of the record and clarification of plaintiff's physical and mental limitations which will provide sufficient information to reach an RFC based upon the facts of the record and permit composition of a proper question to a VE. Because the court is remanding for further consideration of these

---

[11] The court is not unaware of the immense case loads borne by ALJs, a situation undoubtedly contributes to errors of this sort. Nevertheless, the error is clear, and the plaintiff is entitled to proper consideration of her claim as required by basic rules of fairness and the Social Security Administration's own regulations and rulings.

issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 30th of June, 2014.

                                        /s/ S. Allan Alexander
                                        UNITED STATES MAGISTRATE JUDGE